**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
EMMANUEL G. JUSTINIANO, JOSE NIEVES,
JOSE BARBOSA, DAHEED WILLIS,
ANTHONY KEITT, FRANK FODERA, JOSHUA MOSS,
OSCAR PUERTA, LUIS ARENAZA, GUILLERMO MUNOZ,
MILTON LAVERDE, WILLIE S. BREWER,
ISMAEL FRANCISCO, STEVE M. NG, MANUEL SANTOS,
JULIO RIVERA, FREDDY VELEZ, BRYONT A LOPEZ,
MIGUEL CABREJA, JUAN VEVAS, TERRENCE JONES,
NICOLAS SALGADO, LUIS A. VEGA, LOUIS TELESE,
KENNETH WARING, ANTONY G. HILL,
JOSE GOMEZ ROSARIO, RODERICK MASHALL,
JOSE BLANCO, DAVID BAEZ, KENYA EARLY,
SAMMY HERNANDEZ, NELSON MINYETY,
BILL DELVIN, EDWIN J. RAMIREZ CESPEDES,
BENTO RODRIGUEZ, PAUL STARAPOLA,
ANDRES REYES, JESUS A. MARTINEZ,
DAVID BEACH, JONATHAN DELROSARIO,
JAMES SHAW, GARFIELD GAMMON, DESEAN ALLEN,
DERREK HUGHES, JORGE A. MILANES, *and*
CARMELO NYANDUGAR, *each individually and on*
*behalf of all other individuals similarly situated,*



13 CV 2332 (TLS)

**AMENDED**
**COMPLAINT**

             *Plaintiffs,*

      *v.*

PHOENIX BEVERAGES, INC., WINDMILL DISTRIBUTING
COMPANY LP, d/b/a PHOENIX/BEEHIVE, RODB, LLC,
LONGFENG TRUCKING, LLC, PHOENIX BEVERAGES
MTO, LLC, FORBEE CAPITAL KEG FUND, LLC,
HEINEKEN NORTH AMERICA, INC., HEINEKEN USA
INCORPORATED, RODNEY BREYMAN, GREGORY
BREYMAN, PAUL ROSSI, JOSEPH STANICH, *and*
GEORGE STRADA,

             *Defendants.*
------------------------------------------------------------------------X

## NATURE OF ACTION

1.     The forty-seven (47) individually named Plaintiffs (the "Plaintiffs") allege on behalf of themselves and other similarly situated current and former delivery personnel of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from the Defendants for overtime work for which they did not receive overtime premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.     The Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former delivery personnel of the Defendants, pursuant to FED. R. CIV. P. 23, that they are entitled to back wages from the Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law ("NYLL") §§ 650 *et seq.*

## VENUE AND JURISDICTION

3.     This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343.  This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     The Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–02.

## PARTIES

6.      Plaintiff EMMANUEL G. JUSTINIANO is an adult male individual residing in the State of New York, County of Kings.  Plaintiff JUSTINIANO has been employed by the Defendants since May 2011.

7.      Plaintiff JOSE NIEVES is an adult male individual, residing in the State of New York, County of Nassau.  Plaintiff NIEVES has been employed by the Defendants for more than thirty-five (35) years.

8.      Plaintiff JOSE BARBOSA is an adult male individual, residing in the State of New York, County of New York.  Plaintiff BARBOSA has been employed by the Defendants since March 12, 2007.

9.      Plaintiff DAHEED WILLIS is an adult male individual, residing in the State of New York, County of Kings.  Plaintiff WILLIS was employed by the Defendants for approximately one (1) year, until March 30, 2013, when he was abruptly terminated for asserting his rights under wage-and-hour laws and regulations.

10.     Plaintiff ANTHONY KEITT is an adult male individual, residing in the State of New York, County of Kings.  Plaintiff KEITT has been employed by the Defendants for approximately twenty (20) months.

11.     Plaintiff FRANK FODERA is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

12.     Plaintiff JOSHUA MOSS is an adult male individual, residing in the State of New York, County of Richmond, who is currently employed by the Defendants.

13.     Plaintiff OSCAR PUERTA is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

14.     Plaintiff LUIS ARENAZA is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

15.     Plaintiff GUILLERMO MUNOZ is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

16.     Plaintiff MILTON LAVERDE is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

17.     Plaintiff WILLIS S. BREWER is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

18.     Plaintiff ISMAEL FRANCISCO is an adult male individual, residing in the State of New York, County of New York, who is currently employed by the Defendants.

19.     Plaintiff STEVE M. NG is an adult male individual, residing in the State of New York, County of New York, who is currently employed by the Defendants.

20.     Plaintiff MANUEL SANTOS is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

21.     Plaintiff JULIO RIVERA is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

22.     Plaintiff FREDDY VELEZ is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

23.     Plaintiff BRYONT A. LOPEZ is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

24.     Plaintiff MIGUEL CABREJA is an adult male individual, residing in the State of New York, County of the Bronx, who is currently employed by the Defendants.

25.     Plaintiff JUAN VEVAS is an adult male individual, residing in the State of New York, County of New York, who is currently employed by the Defendants.

26.     Plaintiff TERRENCE JONES is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

27.     Plaintiff NICOLAS SALGADO is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

28.     Plaintiff LUIS A. VEGA is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

29.     Plaintiff LOUIS TEHESE is an adult male individual, residing in the State of New York, County of Richmond, who is currently employed by the Defendants.

30.     Plaintiff KENNETH WARING is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

31.     Plaintiff ANTONY G. HILL is an adult male individual, residing in the State of New York, County of New York, who is currently employed by the Defendants.

32.     Plaintiff JOSE GOMEZ ROSARIO is an adult male individual, residing in the State of New York, County of New York, who is currently employed by the Defendants.

33.     Plaintiff RODERICK MASHALL is an adult male individual, residing in the State of Pennsylvania, County of Monroe, who is currently employed by the Defendants.

34.     Plaintiff JOSE BLANCO is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

35.     Plaintiff DAVID BAEZ is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

36.     Plaintiff KENYA EARLY is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

37.     Plaintiff SAMMY HERNANDEZ is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

38.     Plaintiff NELSON MINYETY is an adult male individual, residing in the State of New Jersey, Union County, who is currently employed by the Defendants.

39.     Plaintiff BILL DELVIN is an adult male individual, residing in the State of New York, County of Richmond, who is currently employed by the Defendants.

40.     Plaintiff EDWIN J. RAMIREZ CESPEDES is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

41.     Plaintiff BENTO RODRIGUEZ is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

42.     Plaintiff PAUL STARAPOLA is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

43.     Plaintiff ANDRES REYES is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

44.     Plaintiff JESUS A. MARTINEZ is an adult male individual, residing in the State of New York, County of the Bronx, who is currently employed by the Defendants.

45.     Plaintiff DAVID BEACH is an adult male individual, residing in the State of New York, County of Kings, who is currently employed by the Defendants.

46.     Plaintiff JONATHAN DELROSARIO is an adult male individual, residing in the State of New York, County of Richmond, who is currently employed by the Defendants.

47.     Plaintiff JAMES SHAW is an adult male individual, residing in the State of New York, County of Richmond, who is currently employed by the Defendants.

48.     Plaintiff GARFIELD GAMMON is an adult male individual, residing in the State of New York, County of Nassau, who is currently employed by the Defendants.

49.     Plaintiff DESEAN ALLEN is an adult male individual, residing in the State of Pennsylvania, County of Monroe, who is currently employed by the Defendants.

50.     Plaintiff DERREK HUGHES is an adult male individual, residing in the State of New York, County of Queens, who is currently employed by the Defendants.

51.     Plaintiff JORGE A. MILANES is an adult male individual, residing in the State of New Jersey, County of Hudson, who is currently employed by the Defendants.

52.     Plaintiff CARMELO NYANDUGAR is an adult male individual residing in the State of New York, County of Kings, who is currently employed by the Defendants.

53.     All individual Plaintiffs separately defined in ¶¶ 6–52 are hereinafter referred to as the "Plaintiffs."

54.     Upon information and belief, PHOENIX BEVERAGES, INC., a Defendant herein, was at all relevant times, a New York corporation with its business office at 37-88 Review Ave., Long Island City, NY 11101-2018.

55.     Upon information and belief, WINDMILL DISTRIBUTING COMPANY LP, a Defendant herein, was at all relevant times, a New York corporation with its business office at 37-88 Review Ave., Long Island City, NY 11101-2018.

56.     Upon information and belief, WINDMILL DISTRIBUTING COMPANY LP is a wholesale vendor operating under New York State Liquor Authority License Number C-

1243764 and having its principal place of business 2 Atlantic Avenue, Pier 7, Brooklyn, NY 11201.

57.     Upon information and belief, WINDMILL DISTRIBUTING COMPANY LP is doing business as "Phoenix/Beehive."  This business consists of selling and delivering liquors, beers, and other alcoholic and non-alcoholic beverages to restaurant, bars, supermarkets and other venues throughout the State of New York.

58.     Upon information and belief, WINDMILL DISTRIBUTING COMPANY LP is the exclusive distributor of HEINEKEN NORTH AMERICA, INC., and HEINEKEN USA INCORPORATED, who sell the "Heineken" brand of beer and other alcoholic and non-alcoholic beverages, throughout the State of New York.

59.     Upon information and belief, RODB, LLC, a Defendant herein, was at all relevant times, a New York corporation with its business office at 37-88 Review Ave., Long Island City, NY 11101-2018 and has ownership interests in WINDMILL DISTRIBUTING COMPANY LP.

60.     Upon information and belief, LONGFENG TRUCKING, LLC, a Defendant herein, was at all relevant times, a New York corporation with its business office at 2 Atlantic Avenue, Pier 7, Brooklyn, NY 11201.

61.     Upon information and belief, LONGFENG TRUCKING, LLC, is a successor to one or more of the other Corporate Defendants in this action.

62.     Upon information and belief, LONGFENG TRUCKING, LLC is the company that now appears on Plaintiffs' paystubs.

63.     Upon information and belief, FORBEE CAPITAL KEG FUND, LLC, a Defendant herein, was at all relevant times, a New York corporation with its business office at 2 Atlantic Avenue, Pier 7, Brooklyn, NY 11201.

64.     Upon information and belief, HEINEKEN NORTH AMERICA, INC., a Defendant herein, was at all relevant times, a New York corporation that has ownership interest in the other Corporate Defendants, including but not limited to WINDMILL DISTRIBUTING COMPANY LP.

65.     Upon information and belief, HEINEKEN USA INCORPORATED, a Defendant herein, was at all relevant times, a New York corporation that has ownership interest in the other Corporate Defendants, including but not limited to WINDMILL DISTRIBUTING COMPANY LP.

66.     All corporate Defendants separately defined in ¶¶ 54–65 are hereinafter referred to as the "Corporate Defendants."

67.     Upon information and belief, all Corporate Defendants are engaged in the business of selling and delivering liquors, beers, and other alcoholic and non-alcoholic beverages to restaurant, bars, supermarkets, delis, and other venues throughout the State of New York.

68.     Upon information and belief, the Corporate Defendants receive their goods at their main facility located 2 Atlantic Avenue, Pier 7, Brooklyn, NY 11201, and then deliver them to their clients throughout the State of New York.

69.     Upon information and belief, RODNEY BREYMAN, a Defendant herein, is an adult individual male residing in the State of New York who has ownership interests in several of the Corporate Defendants, including but not limited to WINDMIL DISTRIBUTING CO LP.

70.     Upon information and belief, Defendant RODNEY BREYMAN is the Chief Executive Officer of PHOENIX BEVERAGES, INC.

71.     Upon information and belief, GREGORY BREYMAN, a Defendant herein, is an adult individual male residing in the State of New York who has ownership interests in several of the Corporate Defendants.

72.     Upon information and belief, GREGORY BREYMAN is the son of RODNEY BREYMAN.

73.     Upon information and belief, approximately one (1) year ago, Defendant RODNEY BREYMAN, who was running the operations at the 2 Atlantic Avenue location in Brooklyn, asked his son, GREGORY BREYMAN to take over and run the operations on a daily basis.

74.     Upon information and belief, GREGORY BRAYMAN now runs the operations on a daily basis.

75.     Upon information and belief, PAUL ROSSI, a Defendant herein, is an adult individual male residing in the State of New York who is employed by the Corporate Defendants.

76.     Upon information and belief, PAUL ROSSI is a Supervisor with the Corporate Defendants and manages the delivery personnel.

77.     Upon information and belief, JOSEPH STANICH, a Defendant herein, is an adult individual male residing in the State of New York who is employed by the Corporate Defendants.

78.     Upon information and belief, JOSEPH STANICH is a Supervisor with the Corporate Defendants and manages the delivery personnel.

79.     Upon information and belief, GEORGE STRADA a Defendant herein, is an adult individual male residing in the State of New York who is employed by the Corporate Defendants.

80.     Upon information and belief, GEORGE STRADA is a Director with the Corporate Defendants and manages the supervisors.

81.     All corporate and individual Defendants separately defined in ¶¶ 54–80 are hereinafter referred to as the "Defendants."

82.     Defendants misclassified part of the Plaintiffs as exempt employees under the Fair Labor Standards Act.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

83.     Pursuant to 29 U.S.C. § 207, the Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as delivery personnel at any time since May 15, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek (the "Collective Action Members").

84.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of Collective Action Members during the Collective

Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

85.    The Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  The Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

86.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

87.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to the Plaintiffs and other Collective Action Members are:

> a.  Whether the Defendants employed the Collective Action Members within the meaning of the FLSA;
>
> b.  Whether Defendants' delivery personnel were improperly classified as exempt in violation of the FLSA;
>
> c.  What proof of hours worked is sufficient where the employers fail in their duty to maintain time records;

d.   Whether the Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

e.   Whether the Defendants failed to pay the Collective Action Members a basic hourly wages for those hours that they were required to be at work;

f.   Whether the Defendants failed to provide the Collective Action Members with meal breaks;

g.   Whether the Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

h.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

i.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

j.   Whether the Defendants should be enjoined from such violations of the FLSA in the future.

88.   The Plaintiffs allege that the answers to each one of the common questions set out in ¶ 87 is yes.

89.   The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

90.     The Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to FED. R. CIV. P. 23(b)(1)–(3).

91.     The Plaintiffs brings their New York Labor Law claim on behalf of all persons who were employed as delivery personnel by Defendants at any time since May 15, 2007, to the entry of judgment in this case (the "Class Period"), who were not been paid overtime wages in violation of the New York Labor Law and/or who were misclassified as exempt employees within the meaning of the New York Labor Law (the "Class").

92.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of members of the Class during the Class Period.

93.     The claims of the individually named Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs, such as delivery personnel, typically are low hourly wage employees and therefore lack the financial resources to vigorously prosecute a lawsuit in federal court against large corporate defendants and high net worth individuals such as Defendants.

94.     The Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

95.     The Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

96.     The Plaintiffs have the same interests in this matter as all other members of the Class and the Plaintiffs' claims are typical of the Class.

97.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

a.   Whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.   Whether Defendants' delivery personnel were improperly classified as exempt in violation of the New York Labor Law;

c.   What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.   Whether the Defendants failed to pay the Collective Action Members a basic hourly wages for those hours that they were required to be at work;

e.   Whether the Defendants failed to provide the Collective Action Members with meal breaks;

f.   Whether the Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

h.  Whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

98.     This action is maintainable as a class action under FED. R. CIV. P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

99.     Alternatively, this action is maintainable as a class action under FED. R. CIV. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants who oppose the Class.

100.    Alternatively, this action is maintainable as a class action under FED. R. CIV. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' common and uniform policies, practices, and procedure that violate the New York Labor Law.

**FACTUAL ALLEGATIONS**

101.    Plaintiffs are currently employed with Defendants as delivery personnel.

102.    The work performed by the Plaintiffs required limited skill other and no capital investment.  Their duties do not include managerial responsibilities or exercise of independent judgment.

103.    Plaintiffs work or worked at the Defendants' main facility located 2 Atlantic Avenue, Pier 7, Brooklyn, NY 11201 (the "Pier").

104.    Plaintiffs work four (4) to five (5) days a week, even though they are supposed to work five (5) days a week pursuant to the Union agreement.

105.    Plaintiffs are required to be at the Pier at 5:00 a.m. every morning.

106.    Plaintiffs receive documentation from Defendants with the customers they are to visit on that one day and go through the documentation every morning to make their route and then go to their truck, which was fully loaded during the night by another team of workers working for Defendants.

107.    Plaintiffs are required to sign a document that says that they have received all products and goods that are to be delivered to the customers even though they do not have the time or the opportunity to inspect what has been loaded onto.

108.    This documentation process takes approximately thirty (30) minutes to one (1) hour every morning.

109.    Plaintiffs are dispatched in teams of one driver and one helper.

110.    Plaintiffs are then required to do thirty (30) stops throughout the State of New York.  The routes vary on a daily basis and may require them to drive up to one hundred (100) miles a day, within the New York City Metropolitan Area, and its high volume traffic.

111.    Plaintiffs have to comply with the customers' hours of business and are informed by the Defendants of the delivery windows.

112.    Plaintiffs are regularly required to deliver goods to customers that only accept delivery after 1:00 p.m., which means that by the time they deliver this particular customer, Plaintiffs already have worked eight (8) hours that day.

113.    From time to time, Plaintiffs would have to wait for a customer who is not on time to open his store.  Plaintiffs are required to make telephone calls to the customers or to the Sales Department of Defendants from their personal cellular phone to address these issues, yet are never reimbursed for their telephone bills.

114.    Plaintiffs are also required to receive cash payments from customers who are not paying the Sales Department directly through check or wires, and are held responsible for the cash they receive.

115.    Plaintiffs are not given any opportunity to have a meal break, and are even advised to "eat on the road" while they drive the truck.

116.    At the end of their day, Plaintiffs are required to return to the Pier and give back the documentation they gathered and worked on during the day.

117.    Plaintiffs' loading is counted and Plaintiffs are held responsible for any "missing" items, although Plaintiffs did not have the opportunity to make sure that the documentation that they are required to sign at the beginning of their work day is accurate.

118.    From time to time, there would be "missing" goods, or "extra" goods.  Plaintiffs are required to pay for the "missing" goods value, or otherwise they are not allowed back to work.

119.    Plaintiffs are also required to give the cash they received from the customers to the cashier, where it is counted.  Similarly, Plaintiffs are held responsible for any cash "missing," even though they have no opportunity to check if the cashier made a mistake.

120.    Plaintiffs' time is not tracked by Defendants and Defendants told Plaintiffs that they are paid by the day, and not by the hour, meaning that if they work more than eight (8) hours on one specific day, this still counts as one (1) day for them.

121.    Plaintiffs regularly work over forty (40) hours a week, because their workload requires them to do so, and they are facing corrective measures, up to and including termination, if they come back to the Pier before they made their thirty (30) stops.

122.    Even though Plaintiffs regularly worked in excess of forty (40) hours a week, the Defendants willfully failed to pay the Plaintiffs overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

123.    In January of 2013, Plaintiffs' pay rate was unilaterally changed without warning or prior notification.  Plaintiffs lost approximately three hundred dollars ($300) per week in wages.

124.    Plaintiffs asked Defendants why their pay rate was changed, and they were told that the company "made a mistake" on their pay rate and that the new pay rate was the correct one.

125.    Upon information and belief, Defendants employ other delivery personnel like the Plaintiffs (the Collective Action Members/the Class).  Like the Plaintiffs, these individuals also lack the authority to hire and fire other employees, and are not responsible for making hiring and firing recommendations.

126.    Like some of the Plaintiffs, some of these individuals are misclassified as exempt employees under the FLSA and the NYLL.

127.    Like Plaintiffs, these individuals are not given any meal or lunch breaks.

128.    Like Plaintiffs, these individuals work in excess of forty (40) hours a week, yet the Defendants likewise willfully fail to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

129.    As stated, the exact number of such individuals is presently unknown, but it is within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

130.    Throughout all relevant time periods, upon information and belief, the Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

131.    During the course of the Plaintiffs own employment, and while the Defendants employed the Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

132.    The Defendants knew the nonpayment of overtime would economically damage the Plaintiffs and would violate Federal and New York State labor laws.

133.    The Plaintiffs will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

134.    The Plaintiffs will also move the Court to order the Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former delivery personnel of Defendants.

135.    Plaintiffs also suffer retaliation any time they would complain about their hours or their work.  Typically, if a delivery personnel refused to perform a specific task that required him to work more than forty (40) hours a week, he would be immediately threatened with termination and his hours would be cut.

136.    Plaintiff WILLIS was in fact, terminated for asserting his rights under the Fair Labor Standards Act and the New York Labor Law.

137.   Plaintiff WILLIS verbally complained about his hours almost every day during the last weeks of his tenure with Defendants.

138.   On March 30, 2013, the Saturday before Easter, Holy Saturday, Plaintiff WILLIS, who is a driver, was given a long and complicated route.  He was also provided with a helper who is in fact, a porter, and who never worked on a truck.

139.   Plaintiff WILLIS complained to Defendant ROSSI and specifically told him that in these conditions, he would not be able to finish the route, because, as the company knew, he had to take a flight in the evening for the Easter weekend.

140.   Defendant ROSSI told Plaintiff WILLIS to "do what he can" and come back to the Pier.

141.   Plaintiff WILLIS came back to the Pier at 2:00 p.m., after at least eight (8) hours of work.  Defendant STRADA asked Plaintiff WILLIS why he came back with stops and did not deliver all the beverages he was asked to deliver.

142.   Plaintiff WILLIS then reminded Defendant STRADA of what Defendant ROSSI told him earlier that day.

143.   Defendant STRADA stated that he was not interested in what Defendant ROSSI stated and that Plaintiff WILLIS was to be terminated and will be terminated as soon as a shop steward was present.

144.   On the next business day, Monday April 1, 2013, the day after Easter Sunday, Plaintiff WILLIS was told by the shop steward that he was terminated.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Wages

145.   Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in ¶¶ 1–144 with the same force and effect as if separately alleged and reiterated herein.

146.   At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

147.   At all relevant times, Defendants employed, and/or continued to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

148.   Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of five hundred thousand dollars ($500,000).

149.   Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

150.   At all relevant times, Defendants had a policy and practice of refusing to pay wages, including, but not limited to overtime compensation to its employees for their hours worked.

151.   As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members for all wages owed, including, but not limited to overtime, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek for overtime, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

152.     As a result of Defendants' failure to record, report, credit and/or compensate its delivery personnel, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

153.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

154.     At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

155.     Due to Defendants' willful violation of the FLSA, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendants, their wages owed including unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation against Daheed Willis

156.     Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in ¶¶ 1–155 with the same force and effect as if separately alleged and reiterated herein.

157.     Defendants willfully retaliated against Plaintiff WILLIS for asserting his rights under the FLSA.  These acts of retaliation are themselves illegal under 29 U.S.C. § 215(a)(3).

158.     Plaintiff WILLIS is entitled to recover damages under 29 U.S.C. § 215(a)(3).

**THIRD CAUSE OF ACTION**
**New York State Labor Law – Failure to Pay Overtime**

159.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in ¶¶ 1–158 with the same force and effect as if separately alleged and reiterated herein.

160.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

161.    Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them wages owed including overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

162.    Defendants' New York State Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

163.    Due to Defendants' New York State Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 663(1).

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Pay Wages Owed**

164.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in ¶¶ 1–163 with the same force and effect as if separately alleged and reiterated herein.

165.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

166.    Defendants willfully violated the Plaintiffs' rights and the rights of the members of the Class by failing to pay them wages owed in violation of NYLL § 191.

167.    Defendants' New York State Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

168.    Due to Defendants' New York State Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 663(1).

### FIFTH CAUSE OF ACTION
### Retaliation under NYLL § 215

169.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in ¶¶ 1–168 with the same force and effect as if separately alleged and reiterated herein.

170.    Defendants subjected Plaintiffs discrimination based a hostile work environment and retaliation, in violation of the NYLL § 215.

171.    As a result, Plaintiffs suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

### JURY DEMAND

172.    Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all issues raised in this action.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to FED. R. CIV. P. 23(b)(2)–(3) on behalf of the members of the Class and appointing the individually named Plaintiffs and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the individually named Plaintiffs and their counsel to represent the Collective Action Members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award for unpaid wages pursuant to NYLL § 191;

j.  An injunction prohibiting ongoing acts of retaliation pursuant to NYLL § 215;

k.  An award of damages for prohibited acts of retaliation pursuant to NYLL § 215;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 15, 2013

By: _Walker G. Harman Jr._____
    Walker G. Harman, Jr. [WH-8044]
    Peter J. Andrews [PA-3295]
    THE HARMAN FIRM, PC
    *Attorneys for Plaintiffs*
    200 West 57th Street, Suite 900
    New York, New York 10019
    Tel.: (212) 425-2600
    Fax: (212) 202-3926
    wharman@theharmanfirm.com
    pandrews@theharmanfirm.com

TO:

PHOENIX BEVERAGES, INC.
WINDMILL DISTRIBUTING COMPANY LP, d/b/a PHOENIX/BEEHIVE
RODB, LLC
LONGFENG TRUCKING, LLC
PHOENIX BEVERAGES MTO, LLC
FORBEE CAPITAL KEG FUND, LLC
HEINEKEN NORTH AMERICA, INC.
HEINEKEN USA INCORPORATED
RODNEY BREYMAN
GREGORY BREYMAN
PAUL ROSSI
JOSEPH STANICH
GEORGE STRADA
        C/O KELLEY DRYE & WARREN, LLP
        ATTN: Robert E. Crotty, Esq.
        101 Park Ave.
        New York, NY 10178

28