## KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CALIFORNIA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
WWW.KELLEYDRYE.COM

DIRECT LINE: (212) 808-7830

EUGENE T. D'ABLEMONT

EMAIL: edablemont@kelleydrye.com

September 30, 2013

**VIA ECF**

Hon. Laura Taylor Swain
United States District Judge
500 Pearl Street
New York, New York

RE:   *Justiniano et al. v. Phoenix Beverages, Inc. et al.*
      13 Civ. 2332 (LTS) (JLC)

Dear Judge Swain:

We represent all Defendants in this matter ("Defendants"). I write in response to the letter to the Court from Plaintiffs' counsel, Mr. Walker Harman of The Harman Firm, filed via ECF just before 8:00 p.m. this past Friday, September 27. By his letter, Plaintiffs' counsel requests an extension until next Wednesday to submit the Initial Conference Report required by this Court's Initial Conference Order dated April 29, 2013 (Dkt. No. 6). We submit that no Initial Conference Report or Initial Pretrial Conference should be scheduled for the reasons stated below.

On July 11, 2013, this Court entered its Order providing that: "In light of the pending motion to dismiss, the Initial Pretrial Conference scheduled for July 12, 2013 is adjourned to Friday, October 4, 2013 ... ." (Dkt. No. 36.) On July 24, 2013, the Court entered its Order converting "Defendants' motion to dismiss to a motion for summary judgment under [FRCP] 56" and directing Plaintiffs "to file any affidavits or other evidence in support of their opposition to Defendants' motion by August 7, 2013." (Dkt. No. 39.) Accordingly, Plaintiffs filed their opposition papers on August 7 (Dkt. Nos. 40-45) and Defendants their reply papers on August 19 (Dkt. Nos. 46-47). There have been no further directives from the Court nor had we heard from Plaintiffs' counsel regarding an Initial Conference Report or Initial Pretrial Conference until late Friday, September 27, 2013.

**KELLEY DRYE & WARREN** LLP

VIA ECF
Hon. Laura Taylor Swain
Page Two

On Friday, September 27, shortly before 5:00 p.m., my partner, Robert Crotty who is also working on this matter, returned a message from Brian Moss, an attorney at The Harman Firm who had not before communicated with us. Mr. Moss asked if Defendants would consent to an adjournment of an October 4 hearing but said nothing about an Initial Conference Report. Mr. Crotty told him that he was unaware of any hearing to be held on October 4 and that he would have someone get back to him on Monday.

Later on that same Friday evening at 5:27 p.m., I received an email from Peter Andrews of The Harman Firm stating "[t]here is an appearance in this case next Friday and recent direction from the Court" and asking if he could call me on Monday to "discuss this." At 6:34 p.m., I responded to Mr. Andrews that Defendants "have received nothing from the Court recently" and asked him to "[k]indly email me either the recent direction from the Court or what you understand the direction is." Mr. Andrews responded, at 6:55 p.m. that he was at home and would "do so but everything from the court comes to the attorneys via ECF notice so [he doesn't] know why [Defendants] would not be receiving the same materials [Plaintiffs] are." Shortly thereafter, Walker Harman– Mr. Harman is now the third lawyer from the Harman Firm to be involved in this – sent his letter to the Court. I received that letter via ECF at 7:56 p.m. (A copy of the email chain between Mr. Andrews and me is attached as Exhibit A.)

Thus far, Mr. Andrews has not told me what "recent direction from the Court" he referred to in his email of September 27. We have reviewed all the ECF entries on this matter and we have found no recent directive from the Court about an Initial Conference Report or Initial Pretrial Conference to be held on October 4, 2013.

In any event, we submit that because the Court converted Defendants' Motion to Dismiss to one for Summary Judgment and because that motion has been fully submitted and is sub judice, no Initial Conference of the parties, no Initial Conference Report, and no Initial Pretrial Conference should be scheduled. Indeed, to do so while Defendants' Motion for Summary Judgment is sub judice would require unnecessary time and expense for the parties and for the Court. Accordingly, we ask that the Court adjourn the Initial Pretrial Conference until the Court has decided defendants' Motion for Summary Judgment.

Respectfully submitted,

Eugene T. D'Ablemont

Enclosure (1) Exhibit A

**KELLEY DRYE & WARREN** LLP

VIA ECF
Hon. Laura Taylor Swain
Page Three

cc:   Walker G. Harman, Jr. (via ECF)
      Peter J. Andrews (via ECF)
      Robert E. Crotty (via ECF)
      Taraneh J. Marciano (via ECF)