UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EMMANUEL G. JUSTINIANO, JOSE NIEVES, JOSE BARBOSA, DAHEED WILLIS, ANTHONY KEITT, FRANK FODERA, JOSHUA MOSS, OSCAR PUERTA, LUIS ARENAZA, GUILLERMO MUNOZ, MILTON LAVERDE, WILLIE S. BREWER, ISMAEL FRANCISCO, STEVE M. NG, MANUEL SANTOS, JULIO RIVERA, FREDDY VELEZ, BRYONT A LOPEZ, MIGUEL CABREJA, JUAN VEVAS, TERRENCE JONES, NICOLAS SALGADO, LUIS A. VEGA, LOUIS TELESE, KENNETH WARING, ANTONY G. HILL, JOSE GOMEZ ROSARIO, RODERICK MASHALL, JOSE BLANCO, DAVID BAEZ, KENYA EARLY, SAMMY HERNANDEZ, NELSON MINYETY, BILL DELVIN, EDWIN J. RAMIREZ CESPEDES, BENTO RODRIGUEZ, PAUL STARAPOLA, ANDRES REYES, JESUS A. MARTINEZ, DAVID BEACH, JONATHAN DELROSARIO, JAMES SHAW, GARFIELD GAMMON, DESEAN ALLEN, DERREK HUGHES, JORGE A. MILANES, *and* CARMELO NYANDUGAR, *each individually and on behalf of all other individuals similarly situated*, | Case No. 13-CV-2332 (LTS) (JLC) <br><br> **INITIAL CONFERENCE REPORT** |

Plaintiffs,

v.

PHOENIX BEVERAGES, INC., WINDMILL DISTRIBUTING COMPANY LP, d/b/a PHOENIX/BEEHIVE, RODB, LLC, LONGFENG TRUCKING, LLC, PHOENIX BEVERAGES MTO, LLC, FORBEE CAPITAL KEG FUND, LLC, HEINEKEN NORTH AMERICA, INC., HEINEKEN USA INCORPORATED, RODNEY BREYMAN, GREGORY BREYMAN, PAUL ROSSI, JOSEPH STANICH, *and* GEORGE STRADA,

Defendants.

Pursuant to the Court's Initial Conference Order dated April 29, 2013, Fed. R. Civ. P. 26(f), and the S.D.N.Y. October 2011 Judicial Improvements Committee Report Concerning the Pilot Project Regarding Case Management Techniques for Complex Civil Cases, the parties submit the following Initial Conference Report:

### Concise Statement of the Nature of This Action

Plaintiffs are delivery drivers who allege, in their Amended Complaint, that Defendants Windmill Distributing Company, LP, d/b/a Phoenix/Beehive, Phoenix Beverages, Inc., RODB, LLC, Longfeng Trucking, LLC, Phoenix Beverages MTO, LLC, Forbee Capital Keg Fund, LLC, Heineken USA Incorporated, Rodney Brayman, Gregory Brayman, Paul Rossi, Joseph Stanich, and George Strada (collectively "Phoenix" or "Defendants") failed to comply with overtime pay requirements under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On May 30, 2013, Defendants moved, pursuant to Fed. R. Civ. P. 12, to dismiss the Amended Complaint on the grounds that, under the Motor Carrier Act, Pub. L. No. 74-255, 49 Stat. 543 (1935), Plaintiffs are exempt from the overtime pay requirements in the FLSA.

On July 24, 2013, the Court converted Defendants' motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. After further briefing and evidence submitted by both parties, the Court entered an Order on October 17, 2013 finding that "[t]he undisputed record demonstrates that Defendants' activities are sufficient to constitute the requisite interstate commerce for the Motor Carrier Exception, 29 U.S.C. § 213(b)(1), to apply. ... However, there are materially disputed factual issues regarding (1) the weight of the vehicles Plaintiffs drove and (2) the sufficiency under New York Labor Law of the wages that Plaintiffs were paid." The Court's October 17 Order further found that "discovery with regard to these issues is appropriate and within the scope of Rule 26 of the Federal Rules of Civil Procedure."

### Pending Related Criminal or Civil Actions

There are no pending related criminal or civil actions.

### Concise Statement as to the Basis of this Court's Jurisdiction of the Action

This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### Consent to Trial by Magistrate

The parties do not consent.

**Proposed Discovery**

Documents

   *Defendants' position:*

On November 1, 2013, counsel for Defendants sent a letter to Plaintiffs' counsel identifying information that Defendants had gathered regarding the two remaining issues identified in the Court's October 17 Order. Defendants' counsel's letter offered to make the information available for Plaintiffs' counsel's inspection prior to November 22, 2013, the date of the Initial Conference. To date, Plaintiffs' counsel has not responded to Defendants' counsel's November 1 letter.

The information Defendants have collected consists of the following:

   (1)   The gross value weight ("GVW") of each type of truck that Plaintiffs and other Phoenix delivery drivers use to deliver beverages products to Phoenix customers. This information is contained in Rodney Brayman's Reply Declaration, executed on August 19, 2013, under Point III, paragraphs 18-23. Of the total fleet of Phoenix's beverage delivery trucks, 72 weigh from 33,000 pounds to 36,020 pounds; 4 weigh from 35,800 pounds to 52,000 pounds; 3 weigh 38,000 pounds; 2 weigh from 36,000 pounds to 44,800 pounds; 10 weigh 26,000 pounds; 4 weigh 18,000 pounds; 2 weigh 14,050 pounds, and 2 weigh 11,030 pounds. In addition, at times Phoenix rents Ryder trucks to deliver beer, liquor and wine products to Phoenix customers. Each weighs 14,500 pounds. No delivery truck that Phoenix uses or has used during the relevant time period to deliver beverage products weighs less than 11,030 pounds. (*See* Dkt. No. 47.)

   (2)   The type and GVW of each truck that each named Plaintiff used, day by day, during the month of September 2013. That time period would be representative of the types of trucks delivery drivers would drive at all times of the year in 2012 and 2013.

   (3)   The 2012 W-2 form for each named Plaintiff.

   (4)   The 2013 year-to-date compensation earned by each named Plaintiff.

This information is responsive to the two issues identified in the Court's October 17 Order and is representative of (1) the weight of the trucks Plaintiffs drove and (2) the wages Plaintiffs were paid throughout the relevant time period. Accordingly, it is Defendants' position that the information identified above is sufficient to demonstrate that (1) Plaintiffs do not fall under the small vehicle exception to the Motor Carrier Act exemption of the FLSA and (2) Plaintiffs are not owed any wages under the NYLL.

   *Plaintiffs' position:*

Plaintiffs' counsel received the information on November 14, 2013.[1]

Plaintiffs dispute the adequacy of the information Defendants offered. Defendants seek to prove the weight of the vehicles at issue through the affidavit of Rodney Braymen. This is the same affidavit Defendants submitted in support of their motion to dismiss/for summary judgment, which was denied. Plaintiffs do not accept this affidavit as conclusive evidence and seek discovery as to the weights of the trucks in Defendants fleet. Defendants also provided a spreadsheet showing the type and GVW of each truck Plaintiffs used during the month of September 2013. The spreadsheet lack authenticity and Plaintiffs do not accept it as conclusive evidence of the weights of the trucks in Defendants fleet. Further, the type and GVW of each truck used during the month of September 2013 is insufficient to be representative of the types of trucks Plaintiffs used during 2012 and 2013, and Plaintiffs seek further discovery on this issue.

Plaintiffs anticipate requesting all documents showing the ownership, operation and maintenance of the trucks in Defendants' fleet during the relevant time-period. Plaintiffs will also seek all documents that relate to rental trucks Defendants utilized during the relevant time-period.

Depositions

*Defendants' position:*

Defendants' position is that no depositions are necessary in this case. The documents Defendants will produce require no explanation and will, on their face, establish (1) the weight of the trucks Plaintiffs drove and (2) the wages Plaintiffs were paid. The weight of each truck is set forth on the vehicle's New York State registration. The compensation each Plaintiff received is set forth on the W-2.

*Plaintiffs' position:*

Plaintiffs request that each side be allowed to take up to ten (10) depositions.

Expert discovery

*Defendants' position:*

Defendants do not anticipate the need for any expert discovery in this case. Defendants anticipate moving for summary judgment anew once discovery into the two remaining issues identified by the Court is complete.

*Plaintiffs' position:*

---

[1] Plaintiffs' counsel was not in receipt of the November 1, 2013 letter until November 14, 2013. Defendants' counsel has provided a FedEx receipt showing the letter was sent; however, Plaintiffs counsel had no record of receiving of it.

Plaintiffs reserve the right to seek expert discovery on the weight of the trucks in Defendants' fleet, whether the trucks are owned outright by Defendant or rented from a third-party.

Electronic discovery

*Defendants' position:*

Defendants do not anticipate any disputes regarding the scope of electronic discovery in this case.

*Plaintiffs' position:*

Plaintiffs anticipate requesting emails and other electronic evidence regarding liability and damages in this case.

Settlement/mediation

*Defendants' position:*

Defendants do not believe settlement discussions or mediation would prove fruitful in this case.

*Plaintiffs' position:*

Plaintiffs believe settlement discussion or mediation would be fruitful and request same.

DATED: November 15, 2013

| | |
|---|---|
| s/ Walker G. Harman, Jr. | s/ Eugene T. D'Ablemont |
| Walker G. Harman, Jr. | Eugene T. D'Ablemont |
| Peter J. Andrews | Robert E. Crotty |
| THE HARMAN FIRM, PC | Taraneh J. Marciano |
| 200 West 57th Street, Suite 900 | KELLEY DRYE & WARREN LLP |
| New York, NY 10019 | 101 Park Avenue |
| Tel.: (212) 425-2600 | New York, NY 10178 |
| Fax: (212) 202-3926 | Tel.: (212) 808-7800 |
| wharman@theharmanfirm.com | Fax: (212) 808-7897 |
| pandrews@theharmanfirm.com | edablemont@kelleydrye.com |
| | rcrotty@kelleydrye.com |
| | tmarciano@kelleydrye.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |