# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC
LOS ANGELES, CALIFORNIA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

EUGENE T. D'ABLEMONT
DIRECT LINE: (212) 808-7830
EMAIL: EDABLEMONT@KELLEYDRYE.COM

November 20, 2013

**VIA ECF (WITHOUT ENCLOSURE)**
**AND BY HAND (WITH ENCLOSURE)**

Hon. Laura Taylor Swain
District Court Judge
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   Justiniano et al. v. Phoenix Beverages, Inc. et al.
>        Case No. 13-CV-2332 (LTS) (JLC)

Dear Judge Swain:

We represent Defendants in this case (collectively, "Phoenix").[1] We write to set forth our position on the matters that we anticipate will be the subject of the Initial Conference with Your Honor this Friday (November 22, 2013).

## BACKGROUND

On October 17, 2013, the Court entered an Order (the "Order") finding that "[t]he undisputed record demonstrates that Defendants' activities are sufficient to constitute the requisite interstate commerce for the Motor Carrier Exception, 29 U.S.C. § 213(b)(1), to apply. … However, there are materially disputed factual issues regarding (1) the weight of the vehicles Plaintiffs drove and (2) the sufficiency under New York Labor Law of the wages that Plaintiffs were paid." The Order further found that "discovery with regard to these issues is appropriate and within the scope of Rule 26 of the Federal Rules of Civil Procedure."

On November 1, 2013, I sent a letter to Plaintiffs' counsel setting out the information that Phoenix had gathered regarding the two issues identified in the Order and offered to make that information available to Plaintiffs at their convenience. Although we sent my letter by email and by FedEx, Plaintiffs' counsel did not respond. On November 12, my partner Robert Crotty sent a follow-up email in which he made reference to my November 1

---

[1]   As noted in prior correspondence, we represent all Defendants except Heineken North America, Inc. which is not an operating company in the beer business and has never been related to Defendant Heineken, USA.

NY01\MarcT\2164388.6

**KELLEY DRYE & WARREN LLP**

Hon. Laura Taylor Swain
November 20, 2013
Page Two

letter and its contents. We again received no response. On November 14, Plaintiffs' counsel said they had never received my November 1 letter. On November 14, we sent Plaintiffs' counsel another copy of my November 1 letter and Phoenix's part of the Joint Initial Conference Report. Also, on November 14, we hand-delivered to Plaintiffs' counsel documents bearing Bates numbers PHOENIX000001-76, which consist of the following:

>     (1)    The type and GVWR of each truck that each named Plaintiff used, day by day, during the month of September 2013. That time period would be representative of the types of trucks that Phoenix's delivery drivers drove at all times of the year in 2012 and 2013. The GVWR of each such truck is shown on the truck's New York State Registration Document which by law is kept in the truck.

>     (2)    The 2012 W-2 form for each named Plaintiff.

In addition, with respect to item (1) above, in my November 1 letter I set out information included in Rodney Brayman's Reply Declaration on Phoenix's Motion for Summary Judgment (Dkt. No. 47), executed on August 19, 2013, under Point III, paragraphs 18-23 and Point IV, paragraphs 24-27. Mr. Brayman's Declaration sets out the gross value weight rating ("GVWR") of each type of truck that Plaintiffs and other Phoenix delivery drivers use to deliver beverage products to Phoenix customers. Exhibit P to his Declaration contains photographs of the registration forms from some of Phoenix's beverage delivery trucks. In Phoenix's fleet of beverage delivery trucks, 72 weigh from 33,000 pounds to 36,020 pounds; 4 weigh from 35,800 pounds to 52,000 pounds; 3 weigh 38,000 pounds; 2 weigh from 36,000 pounds to 44,800 pounds; 10 weigh 26,000 pounds; 4 weigh 18,000 pounds; 2 weigh 14,050 pounds, and 2 weigh 11,030 pounds. In addition, at times, Phoenix rents Ryder trucks to deliver beer, liquor and wine products. Each weighs 14,500 pounds. No delivery truck that Phoenix uses or has used during the relevant time period to deliver beverage products weighs less than 11,030 pounds. (*See* Dkt. No. 47.)

Paragraphs 20 and 21 of Mr. Brayman's Declaration note that none of Plaintiffs' Affidavits claim that they drove a vehicle weighing 10,000 pounds or less in Phoenix's product delivery operation and that none of the vans Phoenix owns is used in the product delivery operation. Mr. Brayman's Declaration is dated August 19, 2013. Plaintiffs has proffered no evidence to the contrary.

In my November 1 letter, with respect to item (2) above, I directed Plaintiffs' attention to the 2012 compensation of Plaintiffs Baez ($82,119.78); Cabreja ($56,664.37); Gammon ($54,389.86); and Nieves ($55,716.32), and to the decision in *Edwards v. Jet Blue*, 873 N.Y.S. 2d 233 (Sup. Kings 2008) and the State DOL opinions cited therein.

**KELLEY DRYE & WARREN LLP**

Hon. Laura Taylor Swain
November 20, 2013
Page Three

      The information Phoenix has produced is responsive to – and dispositive of – the two issues identified in the Order: (1) the weight of the trucks Plaintiffs drove and (2) the wages Plaintiffs were paid. Phoenix is submitting by hand its production for the Court's benefit.[2]

## THE JOINT INITIAL CONFERENCE REPORT

      On November 15, Plaintiffs' counsel added their position to the Joint Initial Conference Report and the report was filed that day. In the Joint Initial Conference Report, Plaintiffs claim to "dispute the adequacy of the information Defendants offered," and "seek discovery as to the weights of the trucks in Defendants fleet." (Initial Conference Report (Dkt. No. 52) ("Report") at 4.) As set out above, Phoenix has already produced the weights of all the trucks in Phoenix's fleet; Plaintiffs do not specifically dispute that information and do not identify any category of documents that could show the weights of the trucks in Defendants' fleet to be any different from the information that Phoenix has produced. Indeed, no such category exists. Moreover, Plaintiffs have never said that any one of them has driven a product delivery truck of 10,000 pounds or less and, as a matter of fact, none of them has, as Plaintiffs already know.

      Plaintiffs also claim that "the type and GVW of each truck used during the month of September 2013 is insufficient to be representative of the types of trucks Plaintiffs used during 2012 and 2013, and [that] Plaintiffs seek further discovery on this issue." (Report at 4.) Again, Plaintiffs do not say why September 2013 is not a representative sample nor do they say what "further discovery" they believe would be necessary to provide such a representative sample. Indeed, had Plaintiffs driven trucks of different weights than they did in September, 2013, they already know, and should be able to identify when that was and what type of vehicle they drove. But, again, they do not because they cannot. Plaintiffs also "anticipate requesting all documents showing the ownership, operation and maintenance of the trucks in Defendants' fleet during the relevant time-period ... [and] also all documents that relate to rental trucks Defendants utilized during the relevant time-period." (Report at 4.) The ownership, operation and maintenance of the trucks in Defendants' fleet are irrelevant to the weight of the truck each Plaintiff drove, which is what the Court directed discovery on. Phoenix has produced the information about the weight of all its delivery trucks, including those it rents. Plaintiffs further state that they "anticipate requesting emails and other electronic evidence regarding liability and damages in this case" (Report at 5) but fail to explain whose emails or what electronic evidence they would request and how any of it would relate to the two issues identified in the Court's Order.

      With respect to depositions, Phoenix's position is that no depositions are necessary in this case. The documents Phoenix produced speak for themselves. They require no explanation and, on their face, establish (1) the weight of the trucks Plaintiffs drove and (2) the wages Plaintiffs were paid. Indeed, Plaintiffs know the weight of the trucks they drive; among

---

[2]     Phoenix is not including the production in the ECF filing of this letter because the production includes Plaintiffs' personal identifying information.

**KELLEY DRYE & WARREN LLP**

Hon. Laura Taylor Swain
November 20, 2013
Page Four

other places, it is on the vehicle's New York State registration which is in every truck. Moreover, as noted, Plaintiffs have never said they have driven a delivery truck 10,000 pounds or less. Likewise, the compensation each Plaintiff received is set forth on the W-2. (Report at 4.) Plaintiffs know what they are paid. Plaintiffs have never explained why they believe – if they do – that they should be entitled to damages under the New York Labor Law.

Plaintiffs also "request that each side be allowed to take up to ten (10) depositions." (Report at 4.) Plaintiffs do not identify who these ten people might be, either by name or position, or what subjects Plaintiffs would depose them on. The weight of the trucks driven by Plaintiffs and what Plaintiffs were paid every year, however, is well known to them. There is no need for depositions on either issue.

With respect to expert discovery, there is no need for any. (Report at 4.) Plaintiffs' position is that there should be expert discovery "on the weight of the trucks in Defendants' fleet, whether the trucks are owned outright by Defendant or rented from a third-party." (Report at 5.) The weight of the trucks is printed on the New York State registration form maintained in each truck. No expert is needed. Further, as noted above, the issue of ownership is irrelevant.

Finally, while Defendants believe that settlement discussions or mediation would be fruitless, Plaintiffs "believe settlement discussion or mediation would be fruitful and request same." (Report at 5.) Plaintiffs' strategy thus becomes clear. Instead of limiting discovery to the two issues in the Order which they have received, they propose broad, sweeping discovery to impose unnecessary time and expense on Phoenix and the Court in an effort to coerce a settlement. We respectfully ask the Court not to allow such tactics. As the Court knows, Phoenix filed a Rule 11 motion. It continues to believe the case is frivolous.

### CONCLUSION

In sum, Phoenix respectfully submits that the information it has produced demonstrates that (1) Plaintiffs do not fall under the small vehicle exception to the Motor Carrier Act exemption of the FLSA and (2) Plaintiffs are not owed any wages under the NYLL. Accordingly, unless Plaintiffs can produce evidence to rebut Phoenix's showing, Phoenix respectfully requests that the Court set a briefing schedule for a renewed motion by Phoenix for summary judgment pursuant to Fed. R. Civ. P. 56 and for sanctions pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____
Eugene T. D'Ablemont

NY01\MarcT\2164388.6

**KELLEY DRYE & WARREN** LLP

Hon. Laura Taylor Swain
November 20, 2013
Page Five

cc:    Walker G. Harman, Jr. (via ECF)
       Peter Andrews (via ECF)

NY01\MarcT\2164388.6