**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

EUGENE T. D'ABLEMONT
DIRECT LINE: (212) 808-7830
EMAIL: edablemont@kelleydrye.com

January 29, 2014

**BY ECF**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        RE:  Justiniano et al. v. Phoenix Beverages, Inc. et al.
             13 civ 2332 (LTS) (JLC)

Dear Judge Swain:

      Kelley Drye & Warren LLP represents all the Defendants in this action. We enclose a Consent Order and two Verification pages relating to the Consent Order. The Consent Order provides for the dismissal of this entire action with prejudice and also that Defendants withdraw their motion for sanctions under Rule 11 with prejudice. Counsel for the parties have both signed the Consent Order.

      By Order dated October 17, 2013, your Honor ruled that Defendants' activities are sufficient to constitute the requisite interstate commerce for the Motor Carrier Act Exemption to apply to Plaintiffs, citing the Second Circuit's decision in *Bilyou v. Dutchess Beer Distributors Inc.*, 300 F.3d 217 (2d Cir. 2002), but found that there were material factual issues concerning the weight of the trucks that Defendants use and used, and that Plaintiffs drive, to deliver Phoenix's beer products to its customers. Your Honor directed that discovery take place on this issue and the sufficiency under the NYLL of the wages Plaintiffs received.

      After a court conference on November 22, 2103, by Order that same day, your Honor limited the parties' discovery to the weight of the trucks Defendants use in their beer delivery operations and directed that discovery be completed by January 31, 2014. Plaintiffs were limited to one Rule 30(b)(6) deposition. The Court scheduled a conference for March 28, 2014 "unless summary judgment practice has been commenced before that date." (November 22, 2013 Order.)

**KELLEY DRYE & WARREN LLP**

Hon. Laura Taylor Swain
January 29, 2014
Page Two

      Defendants responded to Plaintiffs' written discovery requests and named Rodney Brayman as their Rule 30(b)(6) witness. The documents Defendants produced in response to the Plaintiffs' discovery requests, as well as the information Defendants produced during this litigation, established that Defendants have not used, and do not use, trucks weighing 10,000 pounds or less in their beer delivery operations. Plaintiffs, in response to Defendants' discovery requests, did not identify any Plaintiff or other beer delivery driver who had driven a truck that weighed 10,000 pounds or less in Defendants' beer delivery operations. In fact, Plaintiffs have never done so throughout this litigation.

      After written discovery was completed, therefore, the parties agreed to the dismissal with prejudice of this entire action as set forth in the Consent Order which the parties' counsel have signed. It is enclosed. The Brayman deposition has been adjourned pending the completion of the settlement.

      The Consent Order also states that (1) Defendants would verify that they have not used, and do not use, trucks that weigh 10,000 pounds or less in their beer delivery operations and (2) that the five Lead Plaintiffs (i.e., the five original Plaintiffs) would verify that they had never driven a truck weighing 10,000 pounds or less in Defendants' beer delivery operations and to their knowledge no other Plaintiff or any other driver had done so either. Plaintiffs' counsel agreed that their clients would sign the verification. Defendants signed their verification and provided it to Plaintiffs. It is enclosed. Three of the five Lead Plaintiffs signed the verification. It is enclosed. Two have refused to do so disregarding – as we have been told by their counsel - counsels' advice that they should sign. By reason of this, Plaintiffs' counsel today moved to withdraw as counsel for those two Plaintiffs. A copy of the motion is enclosed.

      We submit that the parties' agreement as set forth in the Consent Order is binding and ask that your Honor signed the Consent Order ending this action with prejudice.

Respectfully submitted,

Eugene T. D'Ablemont

Enclosures (4)

cc.:    Walker Harman
        Peter Andrews
        Brian Moss
        (All by email and e filing)