# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EMMANUEL G. JUSTINIANO, JOSE NIEVES,
JOSE BARBOSA, DAHEED WILLIS, ANTHONY
KEITT, FRANK FODERA, JOSHUA MOSS,
OSCAR PUERTA, LUIS ARENAZA,
GUILLERMO MUNOZ, MILTON LAVERDE,
WILLIE S. BREWER, ISMAEL FRANCISCO,
STEVE M. NG, MANUEL SANTOS, JULIO
RIVERA, FREDDY VELEZ, BRYONT A LOPEZ,
MIGUEL CABREJA, JUAN VEVAS, TERRENCE
JONES, NICOLAS SALGADO, LUIS A. VEGA,
LOUIS TELESE, KENNETH WARING, ANTONY
G. HILL, JOSE GOMEZ ROSARIO, RODERICK
MASHALL, JOSE BLANCO, DAVID BAEZ,
KENYA EARLY, SAMMY HERNANDEZ,
NELSON MINYETY, BILL DELVIN, EDWIN J.
RAMIREZ CESPEDES, BENTO RODRIGUEZ,
PAUL STARAPOLA, ANDRES REYES, JESUS A.
MARTINEZ, DAVID BEACH, JONATHAN
DELROSARIO, JAMES SHAW, GARFIELD
GAMMON, DESEAN ALLEN, DERREK
HUGHES, JORGE A. MILANES, *and* CARMELO
NYANDUGAR, *each individually and on behalf of
all other individuals similarly situated*,

        Plaintiffs,

   v.

PHOENIX BEVERAGES, INC., WINDMILL
DISTRIBUTING COMPANY LP, d/b/a
PHOENIX/BEEHIVE, RODB, LLC, LONGFENG
TRUCKING, LLC, PHOENIX BEVERAGES MTO,
LLC, FORBEE CAPITAL KEG FUND, LLC,
HEINEKEN NORTH AMERICA, INC.,
HEINEKEN USA INCORPORATED, RODNEY
BREYMAN, GREGORY BREYMAN, PAUL
ROSSI, JOSEPH STANICH, *and* GEORGE
STRADA,

        Defendants.

Case No. 13-CV-2332 (LTS) (JLC)

**CONSENT ORDER**

The Parties, by their undersigned attorneys, agree as follows:

1.     Plaintiffs Emmanuel Justiniano, Jose Nieves, Jose Barbosa, Anthony Keitt, and Daheed Willis (sometimes collectively "Lead Plaintiffs") commenced this action on April 9, 2013, each individually and on behalf of all other individuals similarly situated.

2.     On May 15, 2013, the Lead Plaintiffs filed their Amended Complaint in which they added as additional Plaintiffs the names of 44 similarly situated individuals.

3.     Each Lead Plaintiff, the 44 added Plaintiffs, and all those other individuals similarly situated (collectively "Plaintiffs"), are drivers or helpers that Defendant Windmill Distributing Co. L.P., d/b/a Phoenix Beverages, Beehive Distributing, and Longfeng Trucking (collectively "Phoenix") employ or employed.

4.     Phoenix is a beer distributor that sells and delivers beer products to its customers that for the most part originate at points located outside the State of New York, the empty containers of which are shipped to points outside the State of New York.

5.     Plaintiffs deliver the beer and return the empties in trucks that Phoenix owns, leases, or rents.  Each such truck's gross vehicle weight is, and has been for at least the three (3) year period prior to April 9, 2013, more than 10,000 pounds.

6.     Plaintiffs' suit alleged that each Plaintiff was entitled to receive overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) in a workweek, which Phoenix had failed to pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law, N.Y. Lab. Law § 191 ("NYLL").

7.     On May 30, 2013, Phoenix moved to dismiss, based on the Second Circuit Court of Appeals' decision in Bilyou v. Dutchess Beer Distributors Inc., 300 F.3d 217 (2d Cir. 2002), on the grounds that Plaintiffs were exempt from the overtime provisions of the FLSA by

reason of the application of the Motor Carrier Act and had received all the compensation that the NYLL required.

8.      On June 26, 2013, Phoenix moved for sanctions pursuant to Fed. R. Civ. P. 11.

9.      By Order, dated July 24, 2013, the Court converted Phoenix's motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d).

10.     By Order, dated October 17, 2013, the Court ruled that Defendants' activities are sufficient to constitute the requisite interstate commerce for the Motor Carrier Act Exemption to apply, citing the Second Circuit's Bilyou decision, supra, but found that there were material factual issues concerning the weight of the trucks that Phoenix uses and used, and that Plaintiffs drive, to deliver Phoenix's beer products to its customers, and directed that discovery take place on this issue and the sufficiency under the NYLL of the wages Plaintiffs received.

11.     Following discovery, Plaintiffs and each of them acknowledge that each vehicle that Plaintiffs drive for the delivery of Phoenix's beer products and the return of empties, now and for at least the three year period prior to April 9, 2013, weighs more than 10,000 pounds.

12.     Plaintiffs and each of them further acknowledge, and the Lead Plaintiffs verify on the attached verification sheet, that all drivers and helpers, whether named Plaintiffs or not, drive only the same type of vehicles, with the same weight, as Plaintiffs drive in the delivery and return of Phoenix's beer production to and from Phoenix's customers.

13.     Phoenix represents, and its President and CEO verifies on the attached verification sheet, that none of the beer delivery trucks that Phoenix uses, or has used at any time

3

back to at least three years prior to April 9, 2013 in the delivery of its beer products to its customers weighs 10,000 pounds or less.

14.    Plaintiffs and each of them acknowledge, and the Lead Plaintiffs verify on the attached verification sheet, that the wages they receive and have received fulfill the compensation requirements of the NYLL.

15.    Phoenix further represents, and Plaintiffs and each of them acknowledge, that Defendants Robb, Phoenix Beverages, MTO, Forbee Capital Keg Fund, Heineken North America, Heineken USA, Rodney Brayman, Gregory Brayman, Paul Rossi, Joseph Stanich, and George Strada do not have, and never have had, an employment relationship with any Plaintiff.

16.    By reason of, and based upon the above Orders, rulings, representations, and acknowledgements, Plaintiffs and each of them and Phoenix have agreed that this action should be dismissed with prejudice and Phoenix's motion for sanctions pursuant to Fed. R. Civ. P. 11 should be withdrawn with prejudice both by the entry of this Consent Order as final and binding between them, including Phoenix's successors and assigns and those non-Plaintiff Phoenix drivers and helpers who drive or have driven the same type and weight of vehicles in the delivery and return of Phoenix's beer products and empties as the Plaintiffs do and have done.

17.    The undersigned attorneys represent that they have consulted with their clients and that their clients, knowingly and voluntarily, have authorized them to sign this Consent Order.

THE HARMAN FIRM, P.C.

By: _____
       Walker Harman, Jr.
       Peter Andrews

200 West 57th Street, Suite 900
New York, New York  10019

4

Tel:    212-425-2600
Fax:    212-202-3926
wharmon@theharmanfirm.com
pandrews@theharmanfirm.com
*Attorneys for Plaintiffs*


KELLEY DRYE & WARREN LLP

By:     _____
        Eugene T. D'Ablemont

101 Park Avenue
New York, New York  10178
Tel:    212-808-7800
Fax:    212-808-7897
edablemont@kelleydrye.com
*Attorneys for Defendants*


     Upon review of the above Consent Order and the facts, the parties' mutual promises and representations made therein, it is:

     ORDERED that the instant action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41, with each side bearing its own costs; and it is further

     ORDERED that the pending motion under Fed. R. Civ. P. 11 is deemed withdrawn with prejudice; and it is further

     ORDERED that the Clerk of the Court is hereby directed to enter judgment of dismissal with prejudice.


     _____
     Hon. Laura T. Swain
     United States District Court Judge

5